1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   GREGORIO GONZALEZ, an              Case No.  2:24-cv-01301-WLH-MAR
     individual,
12                                      **ORDER RE MOTION TO REMAND**
                    Plaintiff,          **[12]**
13
     v.
14
     NISSAN NORTH AMERICA, INC., a
15   Delaware Corporation, and DOES 1
     through 10, inclusive,
16
                    Defendants.
17
18
19
20        Plaintiff Gregorio Gonzalez ("Plaintiff") filed a Motion to Remand.  ("Motion,"
21   Docket No. 12).  The Court **VACATED** the Motion hearing scheduled for April 26,
22   2024, finding the Motion suitable for decision without oral argument.  (Order, Docket
23   No. 17).  As set forth below, the Motion is **DENIED**.
24   **I.    BACKGROUND**
25        **A.    Factual Background**
26        This case arose when Plaintiff purchased a 2022 Nissan Altima ("Subject
27   Vehicle").  (Compl., Docket No. 1−1 ¶ 11).  The Subject Vehicle "was purchased as a
28   new vehicle with an accompanying…new warranty" issued by Defendant.  (*Id.*

¶¶ 8−11).  Plaintiff alleges that the Subject Vehicle was delivered to him with "serious defects and nonconformities to warranty," (*id.* ¶ 13), and that the Subject Vehicle later developed "other serious defects," including "steering, suspension, structural, and electrical system defects…"  (*Id.*).  Plaintiff further alleges that Defendant, after a reasonable number of repair attempts, failed to conform the Subject Vehicle as it had warranted to do.  (*Id.* ¶¶ 14−25).  Defendant also, according to Plaintiff, "fraudulently concealed/omitted from Plaintiff" prior to the sale of the Subject Vehicle "the defective Forward Emergency Braking System."  (*Id.* ¶ 26).  As a result of these actions, Plaintiff alleges that Defendant breached its express and implied warranties and engaged in actionable fraud.  (*Id.* ¶¶ 29, 49).

### B.  Procedural History

On May 10, 2023, Plaintiff originally filed this lawsuit in Los Angeles Superior Court, (Notice of Removal, Docket No. 1 at Exh. A), asserting claims for violations of California's Song-Beverly Act and Fraudulent Concealment against defendants Nissan North America, Inc. ("Defendant") and Does 1 through 10, inclusive.  (*Id.*).  Defendant answered the complaint in state court.  (*Id.* at Exh. B).  On October 20, 2023, Plaintiff served Defendant with the initial set of discovery, including a Request for Production of documents.  (Pakbaz Decl., Docket No. 12−1 ¶ 9).  On November 21, 2023, Defendant served on Plaintiff a document production that included the Retail Installment Sales Contract, Factory Invoice, Repair Orders, Owner's Manual, and the Warranty Guide.  (*Id.* ¶ 9; *id.* at Exh. 5).

On December 31, 2023, Defendant conducted its own "investigation pertaining to the removability of the matter," and determined it was removable.  (Notice of Removal, Docket No. 1 at 3).  On February 16, 2024, Defendant filed a Notice of Removal.  (*Id.*).  Plaintiff then filed the present Motion to Remand to Los Angeles

1  Superior Court.  (Mot., Docket No. 12).  The matter is fully briefed.  (*See* Opp'n,

2  Docket No. 14; Reply, Docket No. 15).

3  **II.   DISCUSSION**

4        **A.    Local Rule 7−3 Conference**

5              *i.    Legal Standard*

6        Local Rule 7−3 requires parties to meet and confer at least seven days prior to

7  filing a motion.  L.R. 7−3.  The Court "strictly enforces" Local Rule 7−3's meet and

8  confer requirements.  (Standing Order, Docket No. 7 at 10).

9              *ii.    Analysis*

10       Here, Plaintiff admits in his Motion that the parties did not meet and confer

11  until March 13, 2024—only two days before Plaintiff filed the Motion on March 15,

12  2024.  This meet and confer does not comply with Local Rule 7−3 (requiring the

13  parties to meet and confer "at least 7 days prior to the filing of the motion").  The

14  Court could decline to consider the Motion on this basis alone.  L.R. 7−4 ("The Court

15  may decline to consider a motion unless it meets the requirements of L.R. 7−3…); *see*

16  *also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming the dismissal of a

17  case due to a failure to follow local rules).  The Court exercises its discretion to hear

18  the motion on the merits but admonishes Plaintiff to comply with all applicable rules

19  going forward.

20       **B.    Timing of Removal**

21       The Court **DENIES** the Motion because, in addition to failing to timely meet

22  and confer, Plaintiff fails to show that remand is warranted.

23              *i.    Legal Standard*

24       In general, "any civil action brought in a State court of which the district courts

25  of the United States have original jurisdiction, may be removed by the defendant or

26  defendants, to the district court[.]"  28 U.S.C. § 1441(a).  The removing party has the

27  burden to show that removal is proper.  *See, e.g.*, *Abrego Abrego v. The Dow Chem.*

28  *Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) ("[T]he burden on removal rests

3

with the removing defendant."). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded." 28 U.S.C. § 1447(c).

With respect to the timing of removal, "[t]here are two different potential…deadlines." *Isabelle Franklin, et al. v. Healthsource Global Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first potential deadline is triggered if an initial pleading "'affirmatively reveals on its face the facts necessary for federal court jurisdiction.'" *Solis v. Nissan North Amer., Inc.*, No. CV 24-00728-MWF-E, 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (quoting *Harris v. Bankers Life & Case. Co.*, 425 F.3d 689, 691 (9th Cir. 2005)); *see also* 28 U.S.C. § 1446(b)(1). "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered." *Avina v. Ford Motor Co.*, No. CV 23-10573-PA-E, 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024).

The second potential deadline for removal is triggered after "the defendant received 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). This clock for the second removal deadline begins running upon "'defendant's receipt of a document from the plaintiff or the state court—not by any action of defendant.'" *Solis*, 2024 WL 1311275, at *2 (quoting *Franklin*, 2024 WL 1055996, at *2).

Beyond those two deadlines, a defendant *may* remove a case where it "'could have' demonstrated removability earlier based on its knowledge beyond the pleadings." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013). It is not, however, "'obligated to do so.'" *Id.*

   *ii. Analysis*

Here, the Court **DENIES** Plaintiff's Motion to Remand for the same reasons that courts in this district have denied identical arguments from Plaintiff's counsel.

*See, e.g.*, *Solis*, 2024 WL 1311275, at \*2 (denying the motion to remand); *Vasquez v. Nissan N. Am., Inc.*, No. 2:24-cv-00302-GW-E, at 7 (C.D. Cal. March 7, 2024) (Tentative Order, Docket No. 20 at 7 (denying the motion to remand)).[1]

First of all, counter to Plaintiff's arguments, (*see, e.g.*, Mot., Docket No. 12 at 3 (complaining that "Nissan's Notice of Removal comes *246 days* after the thirty (30) day deadline for removal" (emphasis in original)), the initial complaint did not trigger the first deadline for removal because it did not contain allegations related to the amount in controversy.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (noting that the first removal deadline is not triggered by "'indeterminate'" pleadings, i.e. pleadings that do not, on their face, "make clear whether the required jurisdictional elements are present.").  That the caption page stated that the amount in controversy "exceeds $25,000" is not sufficient to trigger the first removal deadline, and no other amount in controversy allegations otherwise appear in the complaint.  (*See* Notice of Removal at Exh. A, Docket No. 1−1 at 36 (referring to CM/ECF pagination)); *Stusa Holdings v. Ford Motor Co.,* No. 5:21-cv-02172-SVW-SHK, 2022 WL 2235815, at \*1–2 (C.D. Cal. Feb. 22, 2022) (rejecting argument that complaint triggered 30-day removal period where caption page and accompanying civil cover sheet alleged that damages "exceeded $25,000"); *Sevilla v. Life Care Centers of Am.*, *Inc.*, No. CV 15-5977, 2015 WL 7013112, at \*2 (C.D. Cal. Nov. 12, 2015) (explaining that if a caption page that says an action exceeds $25,000 provided a basis for removal, "this Court would automatically have jurisdiction over all California actions filed in courts of unlimited jurisdiction where diversity is met[]").  Plaintiff is displeased that the removal occurred "246 days after" the complaint was filed, but by failing to allege an amount in controversy in the

---

[1] In *Vasquez v. Nissan North America*, the tentative order regarding the motion to remand was issued on March 7, 2024.  *Vasquez*, No. 2:24-cv-00302-GW-E (Tentative Order re Motion to Remand, Docket No. 20).  The Court adopted the tentative order on March 11, 2024.  *Id.* (Minute Order, Docket No. 22).

complaint, Plaintiff himself "le[ft] the window for removal open." *Kuxhausen*, 707 F.3d at 1139 (forcing plaintiffs to "assume the costs associated with their own indeterminate pleadings…").

The second deadline for removal—Defendant's receipt of an "amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper," *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3))—also was not triggered here. Plaintiff argues that "[a]s of June 14, 2023, Nissan had sufficient information to plausibly allege satisfaction of the jurisdictional threshold…." (Mot., Docket No. 12 at 4). Plaintiff claims this is so because, Defendant later served on Plaintiff discovery responses including "a document production" containing the "Retail Installment Sales Contract," among other things, which would allegedly give Defendant notice of the amount in controversy and trigger removability. (Mot., Docket No. 12 at 4 (arguing that Defendant did not timely "conduct an investigation" of its own documents "pertaining to…removability")). However, as other courts in this district have explained *ad nauseum*,

> Section 1446(b)(3) speaks to a defendant's "receipt" of – among other things – a "paper" demonstrating removability. A leading practice guide indicates this communication of information must be "the result of a voluntary act on plaintiff's part – e.g., sworn answers to interrogatories." Stevenson & Fitzgerald, ¶ 2:3246, at 2D-156 – 157 (emphasis added). Defendant's possession of that information all along, or at least as of [June 14, 2023], does not qualify.

*Vasquez v. Nissan N. Am., Inc.*, No. 2:24-cv-00302-GW-E, Minute Order, Docket No. 20 at 4−5. (C.D. Cal. Tentative Order, March 7, 2024), *adopted id.*, Docket No. 22 (C.D. Cal. Minute Order, March 11, 2024) (citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that [28 U.S.C.] §§ 1441

and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.") (emphasis added)); *see also Adelpour v. Panda Express, Inc.*, No. CV-10-02367 MMM (AGRx), 2010 WL 2384609, at *4 n.7 (C.D. Cal. June 8, 2010) (The "other paper" in Section 1446(b)(3) cannot be one created by defendant; it "must derive from either the voluntary act of the plaintiff . . . or other acts or events not the product of the removing defendant's activity.") (citations omitted); *Owen v. L'Occitane, Inc.*, No. CV-12-09841 MMM (JCGx), 2013 WL 941967, *8 (C.D. Cal. March 8, 2013) ("The requirement that the removing defendant receive a pleading or 'other paper' means that the 'document that triggers the thirty-day removal period cannot be one created by the defendant.'") (quoting *Rossetto v. Oaktree Capital Mgt., LLC*, 664 F. Supp. 2d 1122, 1129 (D. Haw. 2009)).

Plaintiff's final argument is also unavailing. Plaintiff argues that, taking as true Defendant's representation that its own investigation revealed that the case was removable as of December 31, 2023, (Notice of Removal, Docket No. 1 at 3), Defendant had a deadline to file its notice of removal within 30 days of the December 31, 2023, purported self-discovery of removability. (*See* Mot., Docket No. 12 at 8 ("Defendant's Notice of Removal was filed on February 16, 2024 – 17 days after Defendant's self-purported 30-day "deadline" to file its notice of removal, based upon its claimed initial investigation of Plaintiff's sales contract on December 31, 2023.")). Plaintiff cites no authority for the proposition, however, that a defendant must remove the case within 30 days of its *own* realization of removability pursuant to an investigation—nor does 28 U.S.C. § 1446 impose such a deadline. *See* 28 U.S.C. § 1446(b)(1)−(3) (imposing 30-day removal deadlines only when either one of two things occurs: (i) the defendant receives a complaint that is removable on its face, or (ii) the defendant receives "an amended pleading, motion, order or other paper" showing removability). Indeed, establishing a rule that a third, atextual removal deadline arises upon the Defendant's realization of removability pursuant to its own

documents and investigation would "hold that materials outside the complaint [or other paper defendant receives] start the thirty-day clock," an approach the Ninth Circuit has rejected. *Kuxhausen*, 707 F.3d at 1141 ("Preferring a clear rule, and unwilling to embroil the courts in inquires 'into the subjective knowledge of [a] defendant,' we decline to hold that materials outside the complaint [or other paper] start the thirty-day clock.") (quoting *Harris v. Bankers Life and Cas. CO.*, 425 F.3d 689, 695 (9th Cir. 2005)). This is simply the kind of case where defendant removed the case based on its knowledge "beyond the pleadings," a removal that defendant was not "obligated" to file pursuant to one of the two 28 U.S.C. § 1446 deadlines, but a removal that defendant nonetheless "could" file. *Kuxhausen*, 707 F.3d at 1141 n.3 (emphasis omitted).

## III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Remand. The Court notes that this is the third denial in the Central District of California of this precise motion made by this counsel. *See, e.g.*, *Solis*, 2024 WL 1311275, at *2 (denying a similar motion to remand brought by Plaintiff's same counsel); *Vasquez*, No. 2:24-cv-00302-GW-E, at 7 (C.D. Cal. March 7, 2024) (denying a similar motion to remand brought by Plaintiff's same counsel). It should be clear to counsel by now that this argument has no merit.

**IT IS SO ORDERED.**

Dated: May 29, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE